**BAKER, SALINE & BLOSSER, LLP**
*Attorneys for Plaintiff*
**One North Lexington Avenue**
**White Plains, New York 10601**
**Mitchell J. Baker (MB-4339)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JAMIE L. SUPPA,                       :        07 Civ.     (  )

        Plaintiff,              :

    -against-                        :

KIA MOTOR CORPORATION and
KIA MOTORS AMERICA, INC.,             :

        Defendants.             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PLAINTIFF DEMANDS A JURY TRIAL**

**07 CIV. 8790**

**COMPLAINT**

**JUDGE ROBINSON**

    Plaintiff Jamie L. Suppa, by her attorneys, Baker, Saline & Blosser, LLP, complaining of the above-mentioned defendants alleges as follows:

### *Parties*

    1.    Plaintiff Jamie L. Suppa is a citizen and resident of the State of New York.

    2.    Upon information and belief, defendant Kia Motor Corporation is a corporation or other business entity organized under and existing pursuant to the

1

laws of a country of municipal entity other than the State of New York and has a principal place of business outside of the State of New York.

3. Upon information and belief, Kia Motors America, Inc. is a corporation organized under and existing pursuant to the laws of the State of California and has a principal place of business in the State of California. (Kia Motor Corporation and Kia Motors America, Inc. hereinafter collectively referred to "Kia").

## *Jurisdiction*

4. The amount in controversy herein exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 (diversity of citizenship).

6. Venue is proper within this District pursuant to 28 U.S.C. §1391(a).

## *Background*

7. In or about September, 2003 plaintiff and her husband Mike Suppa purchased a 2003 Kia Sedona automobile bearing vehicle identification number KNDUP131336481015 (hereinafter referred to as the "Automobile").

8. After the Automobile was purchased problems developed with the Automobile which included, but were not necessarily limited to, sudden acceleration and lurching of the same when attempting to stop the Automobile.

9. On or about October 14, 2004, while lawfully driving the Automobile within the Village of Brewster, State of New York and at the intersection of Railroad Avenue and Morningthrope Road, Ms. Suppa attempted to stop the Automobile at the stop sign for such intersection.

10. When Ms. Suppa attempted to stop the Automobile by applying the brakes, the Automobile purchased forward and Ms. Suppa was unable to stop the Automobile at the stop sign.

11. Due to the fault of the Automobile, Ms. Suppa collided with another vehicle owned by Southeast Electricians, Inc. and driven by Edward W. Synder.

12. Ms. Suppa suffered serious and permanent injuries due to such collision and she suffered serious injuries as the term is defined with New York State Insurance Law § 5102(d).

## *AS AND FOR A FIRST CLAIM FOR RELIEF*
(Negligence)

13. Kia designed, manufactured and distributed the Automobile for sale to the public.

14. Kia failed to exercise reasonable care in designing, manufacturing and distributing the Automobile.

15. Such lack of reasonable care includes, but is not necessarily limited to, producing such item wherein the accelerator was not rate the Illuminator and the placement of the switch to turn the Illuminator on and off.

16. Ms. Suppa was injured due to the lack of reasonable care exercised by Kia.

17. Ms. Suppa has been damaged.

## *AS AND FOR A SECOND CLAIM FOR RELIEF*

(Strict Products Liability)

18. Plaintiff realleges and repeats the allegations and statements contained in paragraphs "1" through "17" of this complaint as if more fully set forth herein.

19. Kia is in the business of selling the Automobile.

20. The Automobile was and is defective.

21. The defect(s) of the Automobile was the cause of the injury suffered by Ms. Suppa.

22. Ms. Suppa has been damaged.

WHEREFORE, plaintiff demands judgment as follows:

1. On the first cause of action, a sum to be ultimately determined by this Court, but in excess of Seventy-Five Thousand ($75,000.00), exclusive of interests and costs;

2. On the second cause of action, a sum to be ultimately determined by this Court, but in excess of Seventy-Five Thousand ($75,000.00), exclusive of interests and costs;

3. Costs and disbursements of this action; and

4. For such other, further and different relief this Court may deem just.

Dated: White Plains, New York
       October 12, 2007

                                              **BAKER, SALINE & BLOSSER, LLP**
                                              *Attorneys for Plaintiff*

By: _____
      Mitchell J. Baker (MB-4339)
**One North Lexington Avenue
White Plains, New York 10601
914.681.9500**