**GOLDBERG SEGALLA LLP**
*Attorneys for Defendant*
170 Hamilton Avenue
Suite 203
White Plains, New York 10601
Frank J. Ciano (FJC-4981)
Robert Varga, Esq. (RV-0636)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JAMIE L. SUPPA,                                       :
                                                            **07 CIV. 8790**
        Plaintiff,                                         :

 -against-                                                 :            **ANSWER**

KIA MOTOR CORPORATION and          :            **JURY TRIAL DEMANDED**
KIA MOTORS AMERICA, INC.,
                                                            **HON. STEPHEN C. ROBINSON**
        Defendants.
----------------------------------------------------------x

       Defendant, KIA MOTORS AMERICA, INC., (hereinafter referred to as "KMA"), by and through its attorneys, Goldberg Segalla LLP, as and for its Answer to Plaintiff's Complaint, alleges as follows:

    **FIRST:**    KMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraphs designated as "1" and "9" of Plaintiff's Complaint.

    **SECOND:**    KMA admits that KIA MOTOR CORPORATION is a corporation or other business entity organized under and existing pursuant to the laws of a country other than the State of New York and has principal place of business outside of the State of New York but denies the remainder of the allegations in the paragraph designated as "2" of Plaintiff's Complaint.

**THIRD:** KMA admits that KIA MOTORS AMERICA, INC. is a corporation organized under and existing pursuant to the laws of the State of California and has a principal place of business in the State of California, but denies the remainder of the allegations in the paragraph designated as "3" of Plaintiff's Complaint.

**FOURTH:** KMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraphs designated as "4", "6" and "7" of Plaintiff's Complaint and refers all questions of law and/or fact to the Trial of this matter.

**FIFTH:** KMA denies the allegations in the paragraphs designated as "8", "10", "11", "12", "14", "15", "16" and "17" of Plaintiff's Complaint.

**SIXTH:** KMA denies that KIA MOTORS AMERICA, INC. designed or manufactured the automobile, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the paragraph designed as "13" of Plaintiff's Complaint.

## ANSWERING THE SECOND CLAIM FOR RELIEF

**SEVENTH:** In answer to the paragraph designated as "18" of Plaintiff's Complaint, defendant, KMA repeats, reiterates and realleges each of the responses set forth in paragraphs "FIRST" through "SIXTH" of this Answer with the same force and effect as if they were set forth fully and at length herein.

**EIGHTH:** KMA denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph designated as "19" of Plaintiff's Complaint and refers all questions of law and/or fact to the Trial of this matter.

**NINTH:** KMA denies the allegations in the paragraphs designated as "20", "21", and "22" of Plaintiff's Complaint.

**TENTH:** The closing unnumbered paragraph of the complaint, including subparagraphs 1-4, constitutes a prayer for relief to which no response is required of KMA. However, to the extent that a response may be required, the allegations of this paragraph are denied.

### FIRST AFFIRMATIVE DEFENSE

Upon information and belief, the damages allegedly sustained by Plaintiff was caused by the direct and proximate negligence, intentional conduct and/or other culpable conduct of other parties, their agents or employees, or by others unknown at this time over whom KMA had no control at any time relevant hereto, and in the event KMA is found liable to Plaintiff, which liability is expressly denied, KMA will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

### SECOND AFFIRMATIVE DEFENSE

Upon information and belief plaintiff's alleged damages were caused and brought about by an intervening and superseding cause.

### THIRD AFFIRMATIVE DEFENSE

The defendant's liability, if any, to plaintiff is limited under Article 16 of the Civil Practice Law & Rules of the State of New York.

### FOURTH AFFIRMATIVE DEFENSE

Upon information and belief that the plaintiff could, with due diligence, have obtained personal jurisdiction over tort feasors not a party to this lawsuit and thus the culpability of these missing or absent tort feasors may be computed into the apportionment of total culpability causing the subject occurrence.

### FIFTH AFFIRMATIVE DEFENSE

In the event that plaintiff recovers a verdict or judgment against KMA, then said verdict or judgment must be reduced by those amounts which have been or will with reasonable certainty replace or indemnify plaintiff in whole or in part for any past or future claimed medical expenses, or other such economic loss, as paid from any collateral source, such as, but not limited to, insurance, social security, worker's compensation, or employee programs.

### SIXTH AFFIRMATIVE DEFENSE

Upon information and belief if a vehicle placed into the stream of commerce by KMA is involved in the subject occurrence, the vehicle was substantially misused, abused, modified and/or altered subsequent to its placement into the stream of commerce by KMA, and such misuse, abuse, modification and/or alteration proximately caused Plaintiff's alleged injuries and damages.

### SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief plaintiff's claims and causes of action are barred because plaintiff or plaintiff's agents have by act or omission, destroyed, lost or spoliated evidence crucial to the defense of the claims asserted in the complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief the spoliation of the vehicle or the alleged defective component parts at issue has deprived KMA of its full and unfettered opportunity to establish and present a defense herein, thus entitling it to dismissal of the claims against it.

### NINTH AFFIRMATIVE DEFENSE

Upon information and belief plaintiff failed to take the appropriate actions, including but not limited to using the appropriate safety equipment, to mitigate or otherwise avoid her alleged injuries and damages, and any recovery by plaintiff should be barred or reduced accordingly.

### TENTH AFFIRMATIVE DEFENSE

Certain claims of plaintiff may be barred, in whole or in part, by the pre-emptive effect of Federal Law.

### ELEVENTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by plaintiff was caused or contributed to by plaintiff's own negligence or culpable conduct and this answering defendant is, therefore, not liable to plaintiff or, alternatively, the defendant's liability is partial only and should be reduced in accordance with applicable law.

### TWELFTH AFFIRMATIVE DEFENSE

If a vehicle placed into the stream of commerce by this answering defendant was involved in the subject occurrence, said vehicle at all times conformed with the current state-of-the-art or knowledge of trade or industry customs and standards applicable at that time in the industry which produced such vehicles.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff alleges in the complaint that the subject vehicle was dangerous or otherwise defective, which is expressly denied by this answering defendant. If it is determined that the subject vehicle was dangerous or otherwise defective, which is expressly denied by this answering defendant, then such condition was open and obvious and plaintiff by the exercise of reasonable care would have discovered the condition and perceived the danger.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the Statute of Limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of plaintiff's failure to join necessary and indispensable parties.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant, KMA hereby gives notice to plaintiff as stated in its Answer that it lacks sufficient knowledge or information upon which to form a belief as to the truth of certain allegations contained in the plaintiff's Complaint and lacks specific knowledge of the actions on the part of plaintiff or other persons that allegedly contributed to or caused plaintiff's damages. Until this defendant avails itself of its right of discovery, it cannot be determined whether or not the above-stated affirmative defenses will be asserted at trial. Defendant, KMA asserts this separate defense in its Answer in order to preserve its right to assert its separate defenses at trial and to give plaintiff and all parties notice of this defendant's intention to assert these defenses and avoid waiver of any defenses.

/

/

/

/

/

/

/

/

**WHEREFORE**, the Defendant, KIA MOTORS AMERICA, INC., demands that the Complaint be dismissed as to it or, in the alternative, in the event a judgment is entered in favor of plaintiff against the Defendant, KIA MOTORS AMERICA, INC., said Defendant demands that it be awarded a judgment over and against other culpable parties in an amount equal to any sum which may be awarded herein to plaintiff based upon principles of indemnity, contribution and/or apportionment, together with the costs, attorneys fees and disbursements of the within action, and such other, further or different relief which the Court may deem just and proper under the circumstances.

Dated: White Plains, NY
      December 13, 2007

Respectfully submitted,

_____
Frank J. Ciano, Esq. (FJC-4981)
Robert Varga, Esq. (RV-0636)
GOLDBERG SEGALLA LLP
**Attorneys for Defendant**
**KIA MOTORS AMERICA, INC.**
170 Hamilton Avenue
Suite 203
White Plains, New York 10601
(914) 798-5400

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **ANSWER** was served via the Court's ECF system on this 14th day of December, 2007, upon:

Mitchell J. Baker, Esq. (MB-4339)
BAKER, SALINE & BLOSSER, LLP
**Attorneys for Plaintiff**
One North Lexington Avenue
White Plains, New York 10601
(914) 681-9500

/S/
Frank J. Ciano, Esq. (FJC-4981)

94712.1